22/19

| | FOR COURT USE ONLY |
|---|---|
| Dilks & Knopik, LLC<br>35308 SE Center Street<br>Snoqualmie, WA 98065<br>Ph. 425-836-5728<br>Fx. 877-209-8249 | **FILED**<br>MAR 25 2019<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In Re:<br><br>Noel Astillero<br>Debtor. | CASE NUMBER: 8:11-bk-16404-ES |
| | HEARING DATE:<br>TIME:<br>PLACE: |

## MOTION FOR ORDER RELEASING UNCLAIMED FUNDS

I, under penalty of perjury under the laws of the United States of America declare (or certify, verify, or state) that the following statements and information are true and correct:

1. I request an order releasing the total amount of $1,194.84 which is the sum of all monies deposited with the court on the following date(s) 12/21/2016 on behalf of the Dilks & Knopik, LLC assignee to GEMB/Funancing on claim number(s) 00026,.

2. Please check and complete the applicable subparagraph(s) below:

   X  a. I am the creditor named in paragraph 1.

   ❑  b. I am an employee of the creditor named in paragraph 1 and my title is _____. The creditor is still legally entitled to the monies and I am authorized by the creditor to this petition. Submit evidence establishing authority to act on behalf of creditor.

   ❑  c. I am the creditor and have appointed _____ as my lawful attorney-in-fact who is duly authorized by the attached original power of attorney to file this motion.

   ❑  d. Subparagraphs a, b, and c above do not apply, but I am entitled to payment of such monies because (submit evidence establishing basis for right to obtain payment).

   _____
   _____
   _____
   _____

*(continued on next page)*

Motion for Order Releasing Unclaimed Funds – *Page 2*

| In Re:         | CHAPTER 13 |
| Noel Astillero |            |
| Debtor.        | CASE NUMBER: 8:11-bk-16404-ES |

3.  Please complete each of the following subparagraphs:

    a. The following is the creditor's address and phone number:

    Dilks & Knopik, LLC
    As assignee to GEMB/Funancing
    35308 SE Center Street
    Snoqualmie, WA 98065
    Ph. 425-836-5728

    b. And a brief history of the creditor (from the filing of the claim to the present) which includes, if applicable, identification of any sale of the company and the new and prior owner(s). Submit evidence establishing the sale of the company from the prior to the new owner(s):

    Dividends were not collected by the creditor, GEMB/Funancing. The unclaimed funds are in reference to a debt for the account ending in 8502 ("the Account") owing to GEMB Lending, Inc originating from a GEMB credit card account.

    As set forth in the Assignment of Accounts dated December 29, 2011, GEMB Lending, Inc sold a portfolio of accounts to InSolve Recovery, LLC n/k/a 245 Holdings LLC. A true and exact copy of the Assignment of Accounts has been attached hereto as Exhibit A.

    As set forth in the Assignment Agreement dated 2/21/2019, InSolve Recovery, LLC n/k/a 245 Holdings LLC transferred the account to Dilks & Knopik, LLC on 2/21/2019, and received the electronic file received by as part of the Assignment Agreement. A true and exact copy of the Assignment Agreement has been attached hereto as Exhibit B.

    Account specific information was delivered to Dilks & Knopik, LLC only in electronic format and not in any other format, such as a written document. As such the electronic data corresponding to the Bill of Sales has been reviewed and entered on an Affidavit of Indebtedness; a true and exact copy of the Affidavit of Indebtedness has been attached hereto as Exhibit C.

    I am an Authorized Signatory for Dilks & Knopik, LLC and have reviewed the electronic data records for Dilks & Knopik, LLC and have sworn on the penalty of perjury that Dilks & Knopik, LLC is the current owner of these funds

    Accordingly, Dilks & Knopik, LLC is the current owner of the Unclaimed Funds and account.

4.  I understand that, pursuant to 18 U.S.C. Section 152, I shall be fined not more than $5,000.00, or imprisoned not more than five years, or both, if I have knowingly or fraudulently made any false statements in this document.

*(continued on next page)*

Motion for Order Releasing Unclaimed Funds – *Page 3*

| In Re:<br>Noel Astillero<br>Debtor. | CHAPTER 13<br>CASE NUMBER: 8:11-bk-16404-ES |
|---|---|

_____
Creditor

\*\*\*Affix Corporate Seal

Brian J. Dilks, Managing Member
Type or Print Name

Dilks & Knopik, LLC as assignee to
GEMB/Funancing
Address

35308 SE Center Street

Snoqualmie, WA 98065-9216

STATE OF WASHINGTON, COUNTY OF KING

On <u>March 15, 2019</u> before me, appeared Brian J. Dilks personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

_____
Andrew T. Drake - Notary Public

(SEAL)    My commission expires on <u>September 9, 2019</u>

Presented by:

_____

_____

_____

Motion for Order Releasing Unclaimed Funds – *Page 5*

| In Re: | CHAPTER 13 |
|---|---|
| Noel Astillero Debtor. | CASE NUMBER: 8:11-bk-16404-ES |

## PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on <u>March 15, 2019</u> I mailed in a sealed envelope, with postage thereon fully prepaid, a fully completed true and correct copy of the document described as "Motion for Order Releasing Unclaimed Funds" to the United States Attorney, United States Trustee, and other persons and entities to be served by Local Bankruptcy Rule 3011-1(b) and addressed as follows:

Amrane (SA) Cohen (TR)
Case Trustee
770 The City Drive South Suite 8500
Orange, CA 92868

US Trustee
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

Noel Astillero
Debtor
2551 Santa Barbara Ln #107
Costa Mesa, CA 92626

Sundee M Teeple
Debtor Attorney
101 E. Lincoln Avenue, Ste. 107
Anaheim, CA 92805

245 Holdings LLC
Edward Benison Managing Director
7114 E. Stetson Drive Ste 250
Scottsdale, AZ 85251

US Attorney
312 North Spring Street
Los Angeles, CA 90012

Date: March 15, 2019

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
Assignee to GEMB/Funancing
35308 SE Center Street
Snoqualmie, WA 98065-9216
425-836-5728



## CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that <u>Brian J Dilks</u>, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this ___1___ day of ___June___, 20_18_.

_____
Brian J Dilks
Date: 6/1/18

_____
Caryn M Dilks f/k/a Caryn M Knopik
Date: 6/1/18



### CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that <u>Caryn M Dilks f/k/a Caryn M Knopik</u>, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this _1_ day of _June_, 20_18_.

_____
Brian J Dilks
Date: 6/1/18

_____
Caryn M Dilks f/k/a Caryn M Knopik
Date: 6/1/18

## ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C. and GEM Holding, L.L.C. (collectively "Seller"), for value received, without recourse, to the extent permitted by applicable law, transfers, sells, assigns, conveys, grants and delivers to InSolve Recovery, L.L.C. (the "Buyer"), all right, title and interest in and to (i) the Accounts which are described on documents furnished by the Seller to the Buyer in connection herewith; and (ii) all proceeds of such accounts (each, an Account) after the close of business on December 29, 2011.

Pursuant to the foregoing assignment, the Seller stipulates that the Buyer may be substituted for the Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

Each of the obligations of the Seller required to be performed by the Seller on or prior to the date hereof pursuant to the terms of the Purchase Agreement dated December 19, 2011 between the Seller and the Buyer (the Agreement) has been duly performed; and all representations and warranties of the Seller made under such Agreement are true and correct as of the date hereof.

Dated: 12/30/11

**General Electric Capital Corporation**

By:_____
Name: Ken Wojcik
Title: Vice President

**GE Capital Retail Bank**

By: [signature]
Name: Glenn P. Marino
Title: ~~President~~ EVP

**GEMB Lending, Inc.**

By: [signature]
Name: Stephen Motta
Title: General Manager

**Monogram Credit Services, L.L.C.**

By: [signature]
Name: Glenn P. Marino
Title: President

**RFS Holding, L.L.C.**

By: [signature]
Name: Vishal Gulati
Title: CFO

**GEM Holding, L.L.C.**

By: [signature]
Name: Vishal Gulati
Title: CFO

Exhibit A

## ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C. and GEM Holding, L.L.C. (collectively "Seller"), for value received, without recourse, to the extent permitted by applicable law, transfers, sells, assigns, conveys, grants and delivers to InSolve Recovery, L.L.C. (the "Buyer"), all right, title and interest in and to (i) the Accounts which are described on documents furnished by the Seller to the Buyer in connection herewith; and (ii) all proceeds of such accounts (each, an Account) after the close of business on December 29, 2011.

Pursuant to the foregoing assignment, the Seller stipulates that the Buyer may be substituted for the Seller as the valid owner of the Accounts and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

Each of the obligations of the Seller required to be performed by the Seller on or prior to the date hereof pursuant to the terms of the Purchase Agreement dated December 19, 2011 between the Seller and the Buyer (the Agreement) has been duly performed; and all representations and warranties of the Seller made under such Agreement are true and correct as of the date hereof.

Dated: 12/30/11

**General Electric Capital Corporation**

By: /s/ Ken Wojcik
Name: Ken Wojcik
Title:  Vice President

**GE Capital Retail Bank**

By:_____
Name: Glenn P. Marino
Title:  President

**GEMB Lending, Inc.**

By:_____
Name: Stephen Motta
Title:  General Manager

**Monogram Credit Services, L.L.C.**

By:_____
Name: Glenn P. Marino
Title:  President

**RFS Holding, L.L.C.**

By:_____
Name: Vishal Gulati
Title:  CFO

**GEM Holding, L.L.C.**

By:_____
Name: Vishal Gulati
Title:  CFO

Exhibit A

# Dilks | & | Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of Thursday, February 21, 2019 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and 245 Holdings LLC with an address of 7114 E. Stetson Drive, Ste 250, Scottsdale AZ 85251 (the "Assignor").

## 1. Recitals

1.1. Assignor is/was a properly named and lawful creditor in multiple bankruptcy cases as shown listed in Schedule A. (the "Cases"). As a creditor in the Cases, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amounts listed in Schedule A (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

1.2. Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

## 2. Assignment of Interest.

2.1. *Assets Assigned.* The assets herein assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Cases identified in Schedule A, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

2.2. *Assignment of Interest.* As herein stated Assignor, hereby does assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee.

2.3. *Consideration.* The consideration herein given by Assignee to Assignor shall be as listed **on schedule A attached,** to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

2.4. *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

On this 15th day of March, 2019. I certify that the preceding or attached document titled (Assignment Agreement), (5 pages) is a true, accurate and complete redacted copy of the original being held at 35308 SE Center Street, Snoqualmie, WA 98065

_____
Andrew T. Drake – Notary Public
My commission expires: September 9, 2019

Page 1 of 5

Exhibit B

3. **Closing.** The closing of the transaction herein shall be done immediately upon fulfillment of each party's obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration herein. Any closing costs shall be paid by the party incurring such costs.

4. **Representations and Warranties.**

    4.1 *Assignor.* Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the part of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay. Assignor has verified that all Funds are currently owned by Assignor.

    4.2 *Assignee.* Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement.

5 **General Provisions.**

    5.1 *Enforceability.* This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance with its terms except as may be limited by operation of law.

    5.2 *Binding Effect.* The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

    5.3 *Notices.* Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

    5.4 *Headings.* All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

    5.5 *Mutual Writing.* This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

    5.6 *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

    5.7 *Advice of Counsel.* Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

    5.8 *Severability.* In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

Exhibit B

5.9  *Choice of Law.* This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

5.10  *Time of the Essence.* The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____
245 Holdings LLC
Edward Benison - Managing Director
4 Mar 19

Assignee: _____
Dilks & Knopik, LLC
Brian J Dilks - Member

Page 3 of 5

Exhibit B

# Dilks | & | Knopik

### NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, 245 Holdings LLC ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds.

The Assigned Funds/Claim(s): Listed on Schedule A

FUNDS/CLAIM ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Thursday, February 21, 2019.


245 Holdings LLC

_____
Edward Benison - Managing Director
4 Ma- 19

Page 4 of 5

Exhibit B

Exhibit B

## Schedule A

| Gross Amount | Account Name | Case Number | Debtor | Claim # | Jurisdiction | Settlement after Contingency Fees Paid |
|---|---|---|---|---|---|---|
| $ ▓ | ▓ | ▓ | ▓ | ▓ | Southern District of Ohio | |
| $ ▓ | ▓ | ▓ | ▓ | ▓ | Middle District of Florida | |
| $ 1,194.84 | GEMB/Funancing | 11-16404 | Noel Astillero | 26 | Central District of California | |
| $ ▓ | ▓ | ▓ | ▓ | ▓ | Middle District of Florida | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| $ ▓ | Total | | | | | |

Assignor: *Edward R. Bauer* 

4 Mar 19

Assignee (D&K): *[signature]*

Schedule A  Page 1 of 1
Assignment Agreement  Page 5 of 5

**Exhibit B**

## AMENDED AND RESTATED
## LIMITED LIABILITY COMPANY AGREEMENT

OF

## 245 Holdings, LLC

This Limited Liability Company Agreement ("Agreement") is made as of January 17, 2013, by and between 245 Holdings, LLC, a Delaware limited liability company and InSolve Funding, LLC, a Delaware limited liability company.

### RECITALS:

A. Effective January 17, 2013, InSolve Recovery, LLC changed its name to 245 Holdings, LLC, a Delaware limited liability company (the "Company").

B. The only member of the Company is InSolve Funding, LLC, a Delaware limited liability company ("Member").

C. The Member and the Company desire to cause the business of the Company to be conducted under the terms and conditions hereinafter set forth.

NOW, THEREFORE, the Member hereby amends and restates the Agreement pursuant to and in accordance with the Delaware Limited Liability Company Act in effect as of the date hereof and as it may be amended from time to time (the "Act"), and the Member and the Company hereby agree as follows:

1. **Name.** The name of the limited liability company formed hereby is "245 Holdings, LLC."

2. **Principal Place of Business; Agent for Service of Process.** The principal place of business of the Company is 3440 Preston Ridge Rd., Suite 275, Alpharetta, Georgia 30005. The name and address of the Company's registered agent for service of process on the Company in the State of Delaware is The Corporation Service Company, 2711 Centerville Rd Ste 400, Wilmington, Delaware 19808.

3. **Term.** The term of the Company shall commence as of the date of this Agreement, and shall continue in perpetuity, unless sooner terminated by this Agreement or by law.

4. **Purpose:** The purpose for which the Company has been created is to engage in all lawful activities in which a limited liability company may engage under applicable law.

5. **Capital Contributions.** The Member may make, but is not obligated to make, such capital contributions to the Company as the Member in its sole and absolute discretion deems appropriate.

6. **Transfer of Company Interests.** No sale, assignment, transfer, encumbrance or hypothecation shall be made by a Member of the whole or any part of such Member's interest in the Company (including, but not limited to, its interest in the capital or profits of the Company) without the prior consent of the Member(s), which consent may be withheld in the sole and

absolute discretion of the Member(s).  Upon transfer of an interest in compliance with this Section 6, the transferee of such Member's interest in the Company shall be admitted as a substitute Member.

7. **Management of the Company.** The business and affairs of the Company shall be managed by the Managers selected by the Member from time to time. The current Managers are Philip Daniels and Charles Rusbasan. The Managers shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the laws of the State of Delaware.  The Managers are hereby authorized to execute any and all documents, agreements, contracts and instruments on behalf of the Company, which shall be valid and binding upon the Company.  The Company shall reimburse the Managers for any expenses paid or incurred by the Member in furtherance of its duties or pursuant to its rights and powers under this Agreement.

8. **Liability of Member.** The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

9. **Tax Matters.** Solely for all federal and state income tax purposes the Member intends that the Company be either treated as a branch or division of the Member or ignored and will file such necessary and appropriate forms in furtherance thereof.

10. **Dissolution.** The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written election of the Member, (b) the bankruptcy or dissolution of the Member or the occurrence of any other event which terminates the continued membership of the Member in the Company, or the entry of a decree of judicial dissolution. As soon as possible after the occurrence of any dissolution event described in this Section and the winding up of the Company's affairs, the Company shall execute and file a Certificate of Cancellation and such other appropriate forms as may be prescribed by the State of Delaware.

11. **Governing Law.** This Agreement shall be governed by, and construed under, the laws of the State of Delaware all rights and remedies being governed by said laws.

12. **Amendments.** This Agreement may be modified or amended only by an instrument signed in writing by the Member and the Company.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Limited Liability Company Agreement as of the date first above written.

**[SIGNATURES CONTINUED ON NEXT PAGE]**

**COMPANY:**

**245 Holdings, LLC**

By: _/s/ Phil Daniels_
Name: Philip Daniels
Title: Manager


**MEMBER:**

**InSolve Funding, LLC**

By: _/s/ Jeff Padden_
Name: Jeff Padden
Title: Manager

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RE: Noel Astillero | ) ) ) ) ) ) ) | Case: 8:11-bk-16404-ES |
| Debtor(s) | | AFFIDAVIT OF INDEBTEDNESS |

| SELLER: | GEMB Lending, Inc | ORIGINAL ISSUER: | GEMB |
|---|---|---|---|
| SELLER ACCOUNT #: | xxxx-xxxx-xxxx-9423 | ORIGINAL ISSUER ACCOUNT #: | xxxx-xxxx-xxxx-8502 |

I, Brian J Dilks, a(n) Member of Dilks & Knopik, LLC under the penalty of perjury under the laws of the United States of America declare (or certify, verify or state) that the following statements and information are true and correct to the best of my knowledge:

1. I am over the age of 18 and competent to provide this affidavit;

2. I am a Member and Authorized Signatory of Dilks & Knopik, LLC;

3. I am familiar with and have personal knowledge of the above referenced credit card account currently held and owned by Dilks & Knopik, LLC based upon a review of the business records of the account in question;

4. The account originally issued by GEMB (Account # xxxx-xxxx-xxxx-8502) has been sold and is no longer the property of GEMB Lending, Inc;

5. GEMB Lending, Inc assigned the above referenced account to InSolve Recovery, LLC n/k/a 245 Holdings LLC on or about December 29, 2011;

6. InSolve Recovery, LLC n/k/a 245 Holdings LLC assigned the above referenced account to Dilks & Knopik, LLC on or about 2/21/2019.

7. I have reviewed Dilks & Knopik, LLC business records and have found that the above referenced account is due and owing Dilks & Knopik, LLC as assignee to the above referenced account;



8. I am requesting an order releasing the total amount of $1,194.84, which is the sum of all monies deposited in this case in the name of GEMB/Funancing now currently owing to Dilks & Knopik, LLC;

9. The accounts purchased are referenced in electronic form and not on in paper form.

10. Dilks & Knopik, LLC is the lawful owner of the above referenced debtor's account and any and all claims related to said account.

I pray that the court will accept this affidavit as proof that Dilks & Knopik, LLC is the owner and/or servicer of this account and authorized to collect the unclaimed funds.

Dated: 3/15/19            By: [signature]

Title: Member            Print Name: Brian Dilks

### NOTARY ACKNOWLEDGMENT

STATE OF WA , COUNTY OF King

On 3/15/19 before me, personally appeared (insert name of the signer) Brian J. Dilks personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

[signature]
Notary Public

(SEAL)            My commission expires on 7/9/19

Exhibit C

# Dilks | & | Knopik

### NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, 245 Holdings LLC ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds.

The Assigned Funds/Claim(s): Listed on Schedule A

FUNDS/CLAIM ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Thursday, February 21, 2019.

245 Holdings LLC

_____
Edward Benison - Managing Director
4 Mar 19

## Schedule A

| Gross Amount | Account Name | Case Number | Debtor | Chapter # | District | Net Amount After Contingency Fees |
|---|---|---|---|---|---|---|
| $ 296.21 | HSBC | 12-54228 | Suzanne S. Cameron | NA | Southern District Of Ohio | $ 222.16 |
| $ 3,331.61 | Wachovia Bank | 04-10908 | Prathin Pattabongs Tucci | 2 | Middle District of Florida | $ 2,498.71 |
| $ 1,194.84 | GEMB/Funancing | 11-16404 | Noel Astillero | 26 | Central District of California | $ 896.13 |
| $ 254.94 | GEMB/Room to Go | 11-04821 | Jennifer Bothast | 12 | Middle District of Florida | $ 191.21 |
| | | | | | | |
| | | | | | | |
| $ 5,077.60 | Total | | | | Total | $ 3,808.20 |

Assignor: _____  
Assignee (D&K): _____  
4 Mar 19

Schedule A   Page 1 of 1
Assignment Agreement   Page 5 of 5